**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20741-CIV-ALTONAGA/Reid**

SARAH LAND,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant, Carnival Corporation's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 27]. Plaintiff, Sarah Land filed a Response [ECF No. 32]; to which Defendant filed a Reply [ECF No. 33]. The Court has carefully considered the Amended Complaint [ECF No. 21], the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

### I.    BACKGROUND

On December 29, 2022, Plaintiff was a passenger aboard the *Magic*, a cruise ship operated by Defendant. (*See* Am. Compl. ¶ 17). That day, the *Magic* docked at Amber Cove, a port in the Dominican Republic, which Defendant advertises as an "exclusive port" where guests are encouraged to use the complimentary on-site pool featuring a water slide known as the "Aqua Zone[.]" (*Id.* ¶ 10 (alterations added)). Defendant "installed a metal bar on top of the water slide, which appeared . . . to be designed and designated for passengers to hold onto while lowering themselves into a proper position to go down the slide safely." (*Id.* ¶ 20 (alteration added)). But on December 29, Defendant "applied clear bubble wrap and[/]or tape around the metal bar[.]" (*Id.* ¶ 21 (alterations added)). The metal bar "appeared rusty[.]" (*Id.* ¶ 28 (alteration added)).

Plaintiff attempted to use the waterslide, but, while trying to safely lower herself, she grasped for the metal bar and slipped, causing her to slide down prematurely. (*See id.* ¶ 22). As a result, she suffered a right distal fibula fracture and a right syndesmosis disruption. (*See id.* ¶ 23).

Plaintiff states three claims against Defendant. (*See generally id.*). In Count I of the Amended Complaint, she alleges negligence based on Defendant's failure to maintain the waterslide. (*See id.* ¶¶ 24–30). In Count II, she alleges negligence based on a failure-to-warn theory. (*See id.* ¶¶ 31–38). In Count III, she alleges negligence in that Defendant breached its duty to aid and assist Plaintiff when using the waterslide. (*See id.* ¶¶ 39–45). Defendant moves to dismiss all counts for failing to state claims upon which relief can be granted. (*See generally* Mot.).

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires something more than just a possibility the defendant acted unlawfully. *See Nichols v. Carnival Corp.*, 423 F. Supp 3d 1316, 1320 (S.D. Fla. 2019).

Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light

most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III.  DISCUSSION

Defendant raises three arguments for dismissal: (1) Counts I, II, and III fail to state negligence claims because they inadequately allege Defendant had notice of the dangerous condition; (2) Count III does not state a recognized cause of action; and (3) Count III is duplicative of Count I.  (*See generally* Mot.; Reply).

### A.  Notice

To properly state a negligence claim under federal maritime law,[1] a plaintiff must allege: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury."  *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1357 (S.D. Fla. 2016) (quotation marks and citation omitted).  Cruise ship operators owe their passengers a duty of "reasonable care under the circumstances."  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959) (footnote call number omitted). This standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure."  *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

Defendant argues Plaintiff's claims must be dismissed because Plaintiff fails to "plead any facts that show [Defendant] had actual or constructive notice of the claimed dangerous condition

---

[1] Because this case involves "alleged tort[s] occurring at an offshore location during the course of a cruise, federal maritime law applies."  *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392 (S.D. Fla. 2014) (alteration added; citation omitted).

(that the waterslide pole was unreasonably slippery)." (Mot. 4 (emphasis omitted; alteration added)). According to Plaintiff, her allegations regarding the rusty state of the metal bar (*see, e.g.,* Am. Compl. ¶ 28), coupled with Defendant "add[ing] bubble wrap and tape to the metal bar[,]" lead to the reasonable inference that Defendant was attempting to "add slip resistance to the visibly deteriorating metal bar or to make it easier for passengers to grip in general" (Resp. 6 (alterations added)). Plaintiff states either inference circumstantially indicates that Defendant had "knowledge of the risk that passengers could not grip the rusty bar safely without additional measures." (*Id.*). Plaintiff is correct.

Defendant relies on a trio of cases that it argues are similar (*see* Mot. 4–7); in fact, they are not. In *Patton v. Carnival Corp.*, the plaintiff tripped over a "metal threshold" that she alleged was "improperly affixed and not adequately secured to the floor" of one of the defendant's hallways. No. 22-13806, 2024 WL 1886504, at *1 (11th Cir. Apr. 30, 2024) (quotation marks omitted). The trial court dismissed the claim because the plaintiff failed to properly allege defendant had notice of the dangerous condition; the Eleventh Circuit affirmed, concluding there was no "plausible 'allegation as to how long' the dangerous condition existed" and because plaintiff failed to "describe[] the dangerous condition 'in a way that would suggest' it had been there 'for a sufficient period of time.'" *Id.* at *3 (quoting *Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022)).

Similarly, in *Newbauer v. Carnival Corporation*, the court dismissed the claims of a plaintiff who slipped and fell on one of the defendant's ships because she failed to "allege any facts suggesting the amount of time the hazard existed on the deck before she fell or that there were crewmembers monitoring the area." 26 F.4th 931, 936 (11th Cir. 2022). Finally, in *Beck v. Carnival Corporation*, the court dismissed a negligence claim against the defendant because the

4

plaintiff failed to allege sufficient facts as to defendant's notice of the allegedly dangerous disembarkation "ramp's raised edge" over which she tripped. No. 23-24636-Civ, 2024 WL 2939074, at *1 (S.D. Fla. June 11, 2024). The court emphasized that the plaintiff's allegations "fail[ed] to provide a factual basis to support that crewmembers were aware of the claimed dangerous condition or even how the crewmembers would have known that the condition was dangerous." *Id.* at *3 (alteration added).

Here, unlike in *Patton*, *Newbauer*, and *Beck*, Plaintiff *has* alleged facts supporting a reasonable inference that Defendant knew or should have known of the dangerous condition. She alleges the pole was visibly deteriorating, as evidenced by the rust. (*See* Am. Compl. ¶ 28). Rust, as Plaintiff notes, takes time to form, implying that the pole was in a state of disrepair for some time. (*See* Resp. 5). And critically, Plaintiff alleges Defendant "placed the bubble wrap and/or tape around the pole or bar" (Am. Compl. ¶ 27), doing so to "add slip resistance to the visibly deteriorating metal bar or to make it easier for passengers to grip in general[,]" (Resp. 6) — in other words, *because* Defendant was aware of a dangerous condition.

This is not a case where "the complaint contains only 'fact-free, wholly conclusory, boilerplate allegations' that [Defendant] knew or should have known about the allegedly dangerous condition." *Beck*, 2024 WL 2939074, at *3 (alteration added; quoting *Rosenberg v. NCL (Bahamas) Ltd.*, No. 22-23642-Civ, 2023 WL 1466858, at *2 (S.D. Fla. Feb. 2, 2023)). Rather, Plaintiff pleads sufficient facts to "nudge[] [her] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570 (alterations added).

**B. Failure to Assist or Aid**

The Court next turns to Defendant's two remaining arguments regarding Count III of the Amended Complaint. Count III asserts a negligence claim based on Defendant's failures "to offer [Plaintiff] assistance prior to going down the water slide"; "assist [her] prior to going down the

water slide"; "provide safe means of going down the waterslide by modifying the metal bar with a slippery wrap"; and "provide safe means of going down the waterslide by neglecting to substitute the slippery metal bar with a safer [alternative.]" (Am. Compl. ¶ 44 (alterations added)). Defendant first argues Count III fails because operational negligence for failure to assist or aid is not a recognized cause of action. (*See* Mot. 7–8). Not so.

As an initial matter, Defendant cites no binding authority in support of its argument that a negligence claim cannot be based on a failure to assist or aid theory, stating simply that it "could not find any reference, statute, or case law on this alleged cause of action." (Mot. 7). This alone is sufficient reason for the Court to reject the argument. *See Prophet v. Great Vill. Resorts, Ltd.*, No. 10-cv-60152, 2012 WL 13001818, at *3 (S.D. Fla. Aug. 28, 2012) (rejecting arguments for failure to "compl[y] with Local Rule 7.1 by citing to supporting authorities for or against [] dismissal" (alterations added; footnote call numbers omitted)).

In any event, Plaintiff's theory of liability is not novel. In *Cavitt v. Carnival Corporation*, a plaintiff sued the defendant for failing to provide assistance during boarding. No. 20-22259-Civ, 2021 WL 2682257, at *1 (S.D. Fla. Mar. 2, 2021). The defendant argued there, as it does now, that the plaintiff had no "viable cause of action under maritime law." *Id.* at *3. The court disagreed, explaining that the plaintiff "properly allege[d] that the cruise line had actual or constructive notice such that a reasonable cruise operator would have assisted passengers embarking or disembarking on the gangway." *Id.* (alteration added); *see also Offenberg v. Carnival Corp.*, No. 19-cv-23334, 2021 WL 4990909, at *6 (S.D. Fla. June 24, 2021) (denying summary judgment where "a genuine issue of material fact" remained as to whether the defendant "negligently maintained [a water] slide with inadequate staffing, in violation of its own policy"

(alteration added), and noting that the staff person's duties would have included rendering assistance to water slide users).

Here, Plaintiff alleges Defendant owed her "a duty of reasonable care for her safety, including the duty to take reasonable steps to offer necessary assistance to passengers using the waterslide within Amber Cove." (Am. Compl. ¶ 40). This is sufficient to support Plaintiff's claim in Count III. *See Cavitt*, 2021 WL 2682257, at *3.

### C. Duplicative Counts

Finally, Defendant argues Count III must be dismissed because it is duplicative of the claim in Count I. (*See* Mot. 7–8). Claims are duplicative "when they rely on identical allegations, are decided under the same legal standard, and provide identical relief." *Appleby v. Knauf Gips KG*, No. 22-61411-Civ, 2023 WL 3844770, at *2 (S.D. Fla. June 5, 2023) (citation omitted). While there is some overlap between Counts I and III, they are not duplicative.

In Count I, Plaintiff alleges Defendant breached its general duty of reasonable care by failing to "maintain the waterslide in a manner safe for passenger use" — specifically, by failing to "correct the slipperiness of the metal bar"; "cordon off or otherwise ameliorate the hazard posed by the slippery metal bar"; and replace the metal bar. (Am. Compl. ¶ 29). By contrast, in Count III, Plaintiff alleges Defendant breached its general duty of reasonable care to aid or assist her — specifically, by failing to maintain the water slide, but also by failing to offer assistance or actually assist Plaintiff "prior to [her] going down the water slide[.]" (*Id.* ¶ 44 (alterations added)). In other words, Counts I and III are based on different allegations and different breaches.

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Carnival Corporation's Motion Dismiss Plaintiff's Amended Complaint **[ECF No. 27]** is **DENIED**.

CASE NO. 24-20741-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 2nd day of August, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

8